## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| SIMON GLADSTONE, | | |
| | * | |
| *Plaintiff,* | | |
| | * | |
| | | **Civil Action No. 1:22-cv-00549-JRR** |
| **v.** | * | |
| | | |
| **KEITH GLADSTONE**, *et al.,* | * | |
| | | |
| *Defendants*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on Defendants Baltimore Police Department ("BPD"), Dean Palmere, and Ryan Guinn's (collectively the "BPD Defendants") Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16; the "BPD Motion"); Defendant Carmine Vignola's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 44; the "Vignola Motion"); Defendants Sean Miller, Benjamin Frieman, Robert Hankard, and Wayne Jenkins' (collectively the "Individual Defendants") Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 45; the "Ind. Defs. Motion"); and Defendant Keith Gladstone's Motion to Dismiss (ECF No. 46; the "Gladstone Motion"). The court will refer to all Defendants collectively as "Defendants." The parties' submissions have been reviewed and no hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons that follow, by accompanying order, the BPD Motion, Vignola Motion, Ind. Defs. Motion, and Gladstone Motion (collectively the "Motions") shall be granted and the Complaint dismissed with prejudice.

## I.   <u>BACKGROUND</u>[1]

On March 7, 2022, Plaintiff filed a Complaint against Defendants arising out of his 2014 arrest, subsequent charges and detainment.  (ECF No. 1.)  Plaintiff filed an Amended Complaint on May 31, 2022.  (ECF No. 11; the "Complaint.")  At all times relevant to the Complaint, each of the individual Defendants was a BPD officer and member of its notorious Gun Trace Task Force ("GTTF").  Plaintiff alleges that on March 26, 2014, the individual officer Defendants pursued Plaintiff without probable cause; planted a "realistic-looking BB-gun"[2] on the scene to justify the pursuit; and authored and submitted a false statement of probable cause.[3]  (ECF No. 11, ¶¶ 26-27, 29, 32 and 35.)   Based on these bad acts, Plaintiff was taken into custody, and falsely charged with various criminal offenses, which resulted and formed the basis of violation of probation ("VOP") charges brought against Plaintiff due to his criminal history.  *Id.* ¶¶ 29, 35.  All charges related to the 2014 arrest were disposed of by *nolle prosequi* on January 16, 2015; Plaintiff remained in custody until the VOP charges were dismissed on February 5, 2015.  *Id.*

The Complaint contains nine counts:[4] Violation of 42 U.S.C. § 1983 – Malicious Prosecution, Malicious Use of Process, Unlawful Search and Seizure, Intimidation, False Arrest, False Imprisonment, Civil Rights Violations, Civil Conspiracy, Aider & Abettor Liability, Retaliation, Supervisory Liability, Failure to Supervise, Negligent Hiring, Negligent Training,

---

[1] For purposes of this memorandum, the court accepts as true the well-pled facts set forth in the Amended Complaint.

[2] *United States v. Keith Gladstone*, Case No. CCB-19-094 (D. Md. 2019), stipulation of facts set forth during Defendant Gladstone's guilty plea.

[3] The Complaint, at times, sets forth which of the individual Defendants is alleged to have done certain discrete acts (*e.g.*, Defendant Jenkins authored the false statement of probable cause).  For purposes of setting forth the Background of the action, these individualized allegations are not material.

[4] More specifically, the Complaint describes Plaintiff's claims under 9 categories referred to as "Counts."  Counts I and II are fashioned as a laundry list of sections 1983 and 1985 claims – each of which has its own elements under the applicable law. Further, Counts I and II aver that each of asserted violation of 42 U.S.C. §§ 1983 and 1985 is lodged against "All Defendants, with Exception *Monell* Claim Only Applies to Defendant Baltimore City Police Department."  This monolithic pleading frustrates the court's (and Defendants') evaluation of Plaintiff's claims and illustrates well the reason for Rule 8, which Plaintiff's pleading violates.  Fᴇᴅ. R. Cɪᴠ. P. 8.

Negligent Retention, Unconstitutional Customs and Practices under *Monell*, and Violations of 4th and 14th Amendments to the United States Constitution against all Defendants, with exception of the *Monell* claim which applies only to BPD (Count I); Violation of 42 U.S.C. § 1985 – Malicious Prosecution, Malicious Use of Process, Unlawful Search and Seizure, Intimidation, False Arrest, False Imprisonment, Civil Rights Violations, Civil Conspiracy, Aider & Abettor Liability, Retaliation, Supervisory Liability, Failure to Supervise, Negligent Hiring, Negligent Training, Negligent Retention, Unconstitutional Customs and Practices under *Monell*, and Violations of 4th and 14th Amendments to the United States Constitution against all Defendants, with exception of the *Monell* claim which applies only to BPD (Count II); Violation of 42 U.S.C. § 1988 – Proceedings in Vindication of Civil Rights (Count III); Violation of Maryland Declaration of Rights, Article 24 against all Defendants (Count IV); Malicious Prosecution against all Defendants (Count V); Civil Conspiracy against all Defendants (Count VI); Malicious Use of Process against all Defendants (Count VII); Vicarious Liability by Baltimore City Police Department through *Respondeat Superior* (Count VIII); and Civil Racketeer Influenced and Corrupt Organizations Act (Civil RICO) and Conspiracy to Violate Civil RICO, 18 U.S.C. §§1961, *et seq.,* against all Defendants (Count IX).  Plaintiff requests (1) compensatory and punitive damages; (2) interest; (3) attorney's fees; (4) costs; and (5) treble damages, attorney's fees, interest, and costs for the civil RICO claims. (ECF No. 11, p. 42.)

The BPD Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6) on the grounds that: (1) Plaintiff's Complaint is an impermissible "shotgun pleading;" (2) BPD enjoys sovereign immunity against Plaintiff's state claims; (3) Plaintiff's claims are time barred by the applicable statutes of limitation; and 4) the Complaint fails to state a cognizable claim for relief.  (ECF No. 16-1, pp. 2, 5.)   The Individual

Defendants, Defendant Vignola, and Defendant Gladstone move to dismiss the Complaint pursuant to Rules (12)(b)(1) and 12(b)(6) on the same grounds as the BPD Defendants.[5] Accordingly, for efficiency and clarity, the court addresses the BPD Motion, which by reference extends to all pending motions; the court will expressly refer to the non-BPD motions where appropriate.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Id.* A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration.")). "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*

---

[5] Defendants Vignola and Gladstone adopt and incorporate the BPD Motion in their respective motions. (ECF Nos. 44-1 at 5, 46-1 at 8 n.1.) Although the Individual Defendants do not expressly adopt and incorporate the BPD Motion, they raise the same arguments.

BPD asserts a facial subject matter jurisdiction challenge.  BPD argues that the court lacks subject matter jurisdiction over Plaintiff's state law claims because the Complaint fails to allege facts that, if true, destroy BPD's sovereign immunity.   Accordingly, BPD's 12(b)(1)-based challenge will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true per *Trump* and *Kerns.*

### B.    Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain . . .  a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "In 2007, the Supreme Court of the United States set forth a new standard to be applied in assessing whether, under Rule 8(a)(2), a claim was articulated sufficiently to permit a court to conclude that, if its allegations were proved, relief could be granted.  In so doing, the Supreme Court retired the standard of sufficiency under Rule 8(a)(2) that was set in *Conley v. Gibson*, 355 U.S. 41, [] (1957)." *Macronix Int'l Co., Ltd. V. Spansion, Inc.,* 4 F. Supp. 3d. 797, 799 (E.D. Va. 2014).  The *Conley* Court explained the requirements for a legally sufficient complaint as follows:

> The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' [citing Rule 8(a)(2)] that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this.

*Conley v. Gibson*, 355 U.S. at 48.

"In *Twombly,*[6] the Court changed significantly how the legal sufficiency of a claim is to be measured when it is attacked under Rule 12(b)(6).  As one eminent scholar of federal civil

---

[6] *Bell Atl. Corp., v. Twombly,* 550 U.S. 544 (2007)

procedure has said of *Twombly*: 'Notice pleading is dead.  Say hello to plausibility pleading.'"
*Macronix,* 4 F. Supp. 3d at 799-800 (quoting A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C.
L. REV. 431, 431-32 (2008)).  The "liberal pleading standard of Federal Rule of Civil Procedure
8(a)(2) has been decidedly tightened (if not discarded) in favor of a stricter standard requiring the
pleading of facts painting a 'plausible' picture of liability."  *Id.; see also Nemet Chevrolet, Ltd. V.
Consumeraffairs.com, Inc.*, 591 F.3d 250, 262 (4th Cir. 2009) (Jones, J., concurring in part,
dissenting in part, and remarking that "*Twombly* and *Iqbal*[7] announce a new, stricter pleading
standard.")

A motion asserted under Rule 12(b)(6) "tests the legal sufficiency of a complaint."  It does
not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."
*Presley v. Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. Goldsboro,* 178
F.3d 231, 243 (4th Cir. 1999)).  Accordingly, a "Rule 12(b)(6) motion should only be granted if,
after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all
reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the
plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178
F.3d at 244 (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). The court,
however, is ". . . not required to accept as true the legal conclusions set forth in a plaintiff's
complaint."  *Id.* (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.,* 609
F.2d 1083, 1085 (4th Cir. 1979)).

---

[7]*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

III.   **ANALYSIS**

    A.   **Consideration of Exhibits**

As an initial matter, the court addresses its consideration of exhibits provided by the parties. The BPD Defendants attach five exhibits to their motion: Exhibit 1 – 2006 complaint, *Burgess v. Jenkins, et al.*, Circuit Court for Baltimore City, Case No. 24-C-06-005375 (ECF No. 16-3; the "Burgess Compl."); Exhibit 2 – 2009 complaint, *Smith v. Baltimore City Police Department, et al.;* Circuit Court for Baltimore City, Case No. 24-C-09-008259 (ECF No. 16-4; the "Smith Compl."); Exhibit 3 – Excerpt of January 5, 2018, Guilty Plea Hearing Transcript; *United States of America v. Wayne Jenkins*; Criminal Case No. CCB-17-106/CCB-17-638 (ECF No. 16-5; the "Jenkins Hr'g Tr."); Exhibit 4 – Excerpt of January 23, 2018, Trial Testimony of Maurice Ward; *United States of America v. Daniel Hersl and Marcus Taylor*; Criminal Case No. CCB-17-106 (ECF No. 16-6; "Ward Trial Test."); and Exhibit 5 – Excerpt of January 29, 2018, Trial Testimony of Evodio Hendrix; *United States of America v. Daniel Hersl and Marcus Taylor*; Criminal Case No. CCB-17-106 (ECF No. 16-7; "Hendrix Trial Test.").  The Individual Defendants also attach the Jenkins Compl., Smith Compl., Ward Trial Test., and Hendrix Trial Test. to their motion.  (ECF Nos. 45-2 – 45-5.)

    Plaintiff attempts to incorporate by reference, via hyperlink, documents spanning more than 1,000 pages into his Complaint.  (ECF No. 11, ¶¶ 2a – c.)  Additionally, the Complaint includes and cites (by hyperlink) a YouTube video that spans 1:32:49 in length.  *Id.* ¶¶ 37, 60. Plaintiff also attaches ten physical exhibits to his Opposition – Exhibit A – Gladstone Materials (ECF No. 72-1); Exhibit B – Relevant News Articles (ECF No. 72-2); Exhibit C – Hankard Materials (ECF No. 72-3); Exhibit D – Vignola Materials (ECF No. 72-4); Exhibit E – Guinn Depo Excerpt (ECF No. 72-5); Exhibit F – Burley Decision with Cover (ECF No. 72-6); Exhibit G – Excerpt of *Richards v. Vignola* (EF No. 72-7); Exhibit H – *Johnson v. BPD* Decision (ECF No.

72-8); Exhibit I – *Bowles v. Hersl* Excerpt (ECF No. 72-9); and Exhibit J – *Rich v. Hersl* Excerpt (ECF No. 72-10).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6),[8] a court usually does not consider evidence outside of the complaint.  A court may consider documents attached to a motion to dismiss if the document is "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999)).  "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found. Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).  "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

Each of the BPD Defendants' attached exhibits is a document from a previous case involving one or more Defendants to this action.  Accordingly, the documents are matters of public record, of which the court may take judicial notice without converting the pending motions to dismiss into motions for summary judgment.[9]

With respect to the hyperlinked documents and YouTube video referenced in the Complaint, the court will not consider that material in adjudicating the Motions.  Plaintiff would

---

[8] As set forth earlier, the court will treat BPD's 12(b)(1) motion as a 12(b)(6) motion for procedural purposes because it raises a facial challenge.

[9] The Ind. Defs. Motion is a motion to dismiss or in the alternative for summary judgment.  The Individual Defendants assert that, to the extent the court determines that considering any the reference articles turns the motion to dismiss into one for summary judgment, they are entitled to judgment as a matter of law on all claims pursuant to Federal Rule of Civil Procedure 56.  As set forth above, the court may, and does here, take judicial notice of matters of public record which includes any referenced articles in the Ind. Defs. Motion. Accordingly, the court will not convert the motion to dismiss into one for summary judgment.

have the court assess in excess of 1,000 pages of documents, a 43-page Complaint, and a 90-plus minute video to determine whether his claims survive a dismissal challenge.  This task the court declines to undertake.  *See Plumhoff v. Cent. Mortg. Co.,* 286 F. Supp. 3d 699, 704 (D. Md. 2017) (quoting *Belanger v. BNY Mellon Asset Mgmt., LLC,* 307 F.R.D. 55, 58 (D. Mass. 2015)) (remarking that "the complaint is 'way too long, detailed and verbose for either the Court or the defendants to sort out the nature of the claims or evaluate whether the claims are actually supported by any comprehensible factual basis.'"); *see also Hosley v. Collins* 90 F.R.D. 122, 123 (D. Md. 1981) (quoting *DeFina v. Latimer,* 79 F.R.D. 5, 7 (E.D.N.Y. 1977) (holding that "[t]he instant complaint … (which) places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be, and which imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors, violates the [FED. R. CIV. P. 8] . . ., and is subject to dismissal.")[10]

With respect to the exhibits attached to Plaintiff's Opposition, contained in Exhibits A through J, Plaintiff groups many (often voluminous) documents in each exhibit, without regard to their individuality or asserted individual significance, and tends to make general, wholesale reference to an entire grouping of exhibits without reference to a particular document.  (*See, e.g.,* "See Attachment 'A.'" at page 16 n.4 of the Opposition.)  Upon review of Plaintiff's exhibits, the documents appear to the court all to be within the public record, *i.e.,* court records, news articles, and the like; the court will, therefore, take judicial notice of those documents.  In view of the *en masse* presentation of Plaintiff's exhibits, the court is unequipped to itemize them in a manner more detailed than is described herein.

---

[10] Although the Complaint is subject to dismissal for violation of Rule 8, the typical "remedy for noncompliance with Rule 8(a) is dismissal with leave to amend."  *Plumhoff,* 286 F. Supp. 3d at 704.  As discussed *infra,* the Complaint will be dismissed with prejudice on other grounds, foreclosing amendment of the Complaint.

**B.**     **12(b)(1) Motion - Sovereign Immunity**

In addition to Defendants' chief argument that Plaintiff's claims are time barred, BPD argues that it is immune from liability for all of Plaintiff's state and common law claims. (ECF No. 16-1, p. 20.) A finding that BPD enjoys sovereign immunity would present a jurisdictional bar to the court's adjudicative authority on Plaintiff's state and common law claims against BPD. Therefore, the court will address BPD's unique sovereign immunity defense before addressing the question of whether Plaintiff's claims are time barred as against all Defendants. *See Cunningham v. General Dynamics Info. Tech*., 888 F.3d 640, 649 (4th Cir. 2018) (holding that "[s]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.") (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)).

Because sovereign immunity is akin to an affirmative defense, BPD bears the burden of demonstrating that it is shielded by sovereign immunity. *Hutto v. S.C. Ret. Sys*., 773 F.3d 536, 543 (4th Cir. 2014). BPD argues that, to the extent Counts IV, V, VI, and VII assert state law causes of action, they fail as a matter of law as against BPD and must be dismissed. (ECF No. 16-1 at 20.) The BPD "exists as an agency of the State, and therefore enjoys the common law sovereign immunity from tort liability of a State agency." *Baltimore Police Dep't v. Cherkes,* 140 Md. App. 282, 313 (2001). "[T]he State of Maryland and state agencies are generally immune from suits, unless the immunity has been waived by the General Assembly." *Maryland-National Capital Park & Planning Com. V. Kranz,* 308 Md. 618, 622 (1987).

Count IV asserts violations of Article 24 of the Maryland Declaration of Rights; Count V asserts a claim for malicious prosecution; Count VI asserts a claim for civil conspiracy; and Count VII asserts a claim for malicious use of process. (ECF No. 11.) These claims are asserted against

all Defendants.  Count IV is a state constitutional claim and Counts V through VII present state common law tort claims.  To the extent these claims are asserted against BPD, it enjoys sovereign immunity.  The BPD Motion will be granted as to BPD on Counts IV through VII on the basis of sovereign immunity.

### C.     12(b)(6) Motion – Statutes of Limitation

Plaintiff filed his original Complaint on March 7, 2022.  (ECF No. 1.)  As set forth in more detail below, Defendants argue that all of Plaintiff's claims are barred by the applicable statute of limitations and that no tolling basis exists.  (ECF No. 16-1 at 7.)  Plaintiff counters that his claims accrued on March 18, 2019, when he received a letter from the Department of Justice advising him that he was a "victim of Officer Gladstone and others" and, therefore, that none of his claims is time barred.  (ECF No. 72-12 at 4-5.)

Normally, at this stage, the court does not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted).  "[I]n the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*).  "Because Rule 12(b)(6) 'is intended [only] to test the legal adequacy of the complaint,' '[t]his principle only applies . . . if all facts necessary to the affirmative defense clearly appear[ ] on the face of the complaint.'" *Rich v. Hersl,* 2021 U.S. Dist. LEXIS 118098 *17 (D. Md. Jun. 24, 2021) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) and *Goodman*, 494 F.3d at 464) (citations omitted).  The court is satisfied that all fact necessary to determine whether Plaintiff's claims are time barred appear on the face of the

Complaint, and therefore, the court will rule on Defendants' challenge that the Complaint is time barred in its entirety.

### 1.     Federal Civil Rights Claims – Counts I and II

"It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period." *Jersey Heights Neighborhood Ass'n v. Glendening,* 174 F.3d 180, 187 (4th Cir. 1999). In Maryland "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." MD. CODE ANN., CTS. & JUD. PROC. § 5-101. Accordingly, Plaintiff's constitutional claims are subject to a three-year statute of limitations. [11]

"Although courts look to state law for the length of the limitations period, the time at which a §1983 [or §1985] claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "That time is presumptively when the plaintiff has a complete and present cause of action, though the answer is not always so simple." *Id.* (internal citations and quotations omitted). "Where, for example, a particular claim may not realistically be brought while a violation is ongoing, such a claim may accrue at a later date." *Id.* (citing *Wallace*, 549 U.S. at 389).

With respect to Plaintiff's federal civil rights claims the "accrual analysis begins with identifying 'the specific constitutional right' alleged to have been infringed," *McDonough*, 139 S.

---

[11] According to the titles of Counts I and II, each of these counts purports to state no fewer than 18 separate "causes of action" under sections 1983 and 1985, respectively, as against all Defendants, with the exception of Plaintiff's *Monell* claim, which "Only Applies to Defendant Baltimore City Police Department." (ECF No. 11 at pp. 26 and 32.) For purposes of resolving the timeliness challenge, the court need not undertake analysis of whether the Complaint adequately states each of the constitutional claims listed in the titles to Counts I and II; nor does the court need to identify and recite the elements of each identified cause of action. Rather, as all claims asserted under sections 1983 and 1985 are subject to Maryland's 3-year limitations period, the court will evaluate the limitations challenge based on the well-pled factual allegations of the Complaint that, in turn, form the basis for all claims asserted through Counts I and II.

Ct. at 2155 (quoting *Manuel v. City of Joliet,* 580 U.S. 357 (2017)).   Plaintiff alleges his 1983 and

1985 claims are based on violations of the Fourth and Fourteenth Amendments of the United States

Constitution.   (ECF No. 11.)   Accordingly, the court must determine when Plaintiff was on inquiry

notice regarding Defendants' alleged violations of Plaintiff's Fourth and Fourteenth Amendment

rights as described in the Complaint.

A plaintiff's constitutional claim accrues once he has "actual or constructive knowledge of

his [] claim." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020).   Stated

differently, a plaintiff's claim accrues when he has or should have "possession of the critical facts

that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111,

122 (1979); *see also Rich v. Hersl,* 2021 U.S. Dist. LEXIS 118098 *22 (D. Md. Jun. 24, 2021)

(holding that "[t]he date of accrual occurs 'when the plaintiff possesses sufficient facts about the

harm done to him that reasonable inquiry will reveal his cause of action.'") (quoting *Nasim v. Md.*

*House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*)).   Claim accrual does not require

notice or knowledge of all underlying facts, but rather only "sufficient facts about the harm done

to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955.   Therefore,

once a plaintiff has knowledge "that he has been hurt and who inflicted the injury . . . the plaintiff

is on inquiry notice, imposing on him a duty to inquire about the details of [the offense] that are

reasonably discoverable." *Id.*[12]

---

[12] Plaintiff defends the Motions on the basis that he did not know the identity of the individual Defendant officers until the February 2017 indictments of the GTTF defendants became well-publicized in March 2017.  (ECF No. 72-12 at 13.)  This argument is unavailing.  *Gross v. Hopkins,* 2021 WL 978822, *4 (D. Md. March 15, 2021); *Conaway v. State*, 90 Md. App. 234, 252-53 (1992); *Estate of Knight,* 182 F.3d 908, 1999 WL 390987, *3-*4 (4th Cir. 1999); *see also,* Section III(C)(7), *infra*, regarding Plaintiff's civil RICO claims.  Knowledge that BPD officers were responsible for his harms (whether on the date of his arrest or his release from custody)time provided Plaintiff ample notice of the identity of the wrongdoers such that he was on notice to investigate and pursue his claims well before the indictments were publicized and well before his claims were time barred.

The Complaint alleges:

49. Plaintiff also suffered the following injuries and damages arising under the United States Constitution.

a. Violation of constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure;

b. Violation of constitutional rights under the Fourteenth Amendment to due process of law, and equal protection of the law, as applied to the States.

50. The actions of the Defendants violated the clearly established and well-settled federal constitutional rights of Plaintiff Demetric Simon, including as follows.

a. Freedom from unreasonable searches and seizures of his person and personal property;

b. Freedom from searches and seizures of person and personal property without probable cause;

c. Freedom from prosecution of criminal charges lacking probable cause to support them;

d. Freedom from prosecution of criminal charges as retaliation for and defeat the possibility of administrative review of police misconduct, and scrutiny for a civil lawsuit for personal injury damages, against the tortfeasors and Baltimore City Police Department;

e. By deliberately failing to disclose the foregoing misconduct, the Defendant Officers violated their clearly established duty to report all material exculpatory and impeachment information to prosecutors;

f. Without the Defendant Officers' misconduct, the prosecution of Demetric Simon could not and would not have been pursued. This resulted in the unjust and wrongful incarceration of Plaintiff Simon, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

(ECF No. 11 ¶¶ 49-50.)

Because Plaintiff filed his original Complaint on March 7, 2022, Defendants argue, and the court agrees, that for Plaintiff's claims set forth in Counts I and II to be timely, Plaintiff must not have been aware of any injury giving rise to a cause of action set forth in these counts prior to March 6, 2019.[13]  (ECF No. 16-1 at 7.)

Plaintiff was arrested on March 26, 2014, and released in February 2015.  (ECF No. 11 ¶¶ 29, 35.)  In *Rich v. Hersl*, Judge Hollander explained:

> Mr. Rich was arrested in October 2007 and was detained pending trial until his release in June 2008, when the charges against him were dismissed. . . .  Regardless of when exactly during that eight-month period the cause of action for false arrest and imprisonment accrued, plaintiff clearly was aware of the non-consensual deprivation of his liberty at all relevant times. Thus, the three-year limitations clock began to run no later than June 2008. Plaintiff filed suit in 2020, well over three years after the end of the limitations period.

2021 U.S. Dist. Lexis 118098 *28.

The court agrees with Judge Hollander's analysis and applies it here.  Specifically, Plaintiff knew at the time of his arrest that he did not possess the planted BB gun, and that he was arrested and placed in custody without basis.  Therefore, Plaintiff was on effective notice of some, if not all, of the harms he claims on March 26, 2014.  But under even the most liberal construction of events, by his release on February 5, 2015, Plaintiff surely knew that the BB gun used to support his seizure was not his, and his arrest, charges, and incarceration were falsely based and wrongful.  Therefore, under this permissive construct, the latest date of accrual of Plaintiff's constitutional claims set forth in Counts I and II is February 5, 2015.  Plaintiff did not file his initial Complaint until March 7, 2022, more than four years after the statute of limitations had expired.

---

[13] This holds true for Plaintiff's claims set forth in Counts III through VIII as well, but not for Plaintiff's civil RICO claims of Count IX.  *See, infra.*

In addition to the constitutional claims asserted against all Defendants, Counts I and II include *Monell* claims solely against BPD.[14] "Because municipal liability under § 1983 cannot be predicated solely upon a *respondeat superior* theory, liability arises only where city employees take constitutionally offensive acts in furtherance of municipal policy or custom." *Burgess v. Goldstein,* 997 F.3d 541, 562 (citing *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984)). "Therefore, a plaintiff cannot state a claim against local governments or supervisors of local governmental entities 'without a constitutional violation committed by an employee.'" *Hersl,* 2021 U.S. Dist. LEXIS at *31 (quoting *Anderson v. Caldwell Cty. Sheriff's Office,* 524 F. App'x 854, 862 (4th Cir. 2013)).

With respect to his *Monell* claims, Plaintiff alleges:

> Prior to and at the time of the events at issue, the BPD, by and through its final policymakers, maintained a policy, custom, pattern, or practice of failing to adequately supervise, discipline, and train members of its plainclothes units concerning their constitutional obligations.

(ECF No. 11 ¶ 53.)  Because the predicate claims against the individual Defendants accrued no later than February 5, 2015, the *Monell* claims also accrued on that date:

> Further, plaintiff has not brought to the Court's attention any legal authority supporting the separation of the accrual of a *Monell* claim from its predicate. Nor has the Court identified any such authority in Fourth Circuit case law. And, the weight of the relevant case law from other circuits does not seem to support separate accrual rules.
>
> I, too, discern no reason for adopting an accrual theory that would save plaintiff's *Monell* claims, especially without briefing on the issue. Therefore, because Counts I through IV are time barred, it would seem that Counts VII through IX likewise founder.

*Hersel,* 2021 U.S. Dist. LEXIS at *33-35.  Accordingly, Plaintiff's *Monell* claims are barred.

---

[14] Under *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978), an individual may recover in a 1983 claim against a municipality for violation of constitutional rights by officials of the municipality if the unconstitutional action was engaged in pursuant to official policy, unofficial custom, or due to a failure to supervise or train.

2.      **State Law Claims – Counts IV, V, VI, and VII**

As set forth above, in Maryland "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.  MD. CODE ANN., CTS. & JUD. PROC. § 5-101.  In determining when a cause of action accrues, "Maryland law is largely consistent with federal law." *Hersl,* 2021 U.S. Dist. LEXIS at *23.  "In Maryland, an action typically accrues at the time of the wrong, unless a judicial or legislative exception provides otherwise.  *Id.* (citing *Poole v. Coakley & Williams Constr., Inc.*, 423 Md. 91, 131, (2011).  Under Maryland's discovery rule, a plaintiff is on inquiry notice when he "possesses 'facts sufficient to cause a reasonable person to investigate further, and . . . a diligent investigation would have revealed that the plaintiffs were victims of . . . the alleged tort.'"  *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 168 (2004) (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49 (1988)).

Inquiry notice is based on actual notice, whether express or implied.  *Hersl,* 2021 U.S. Dist. LEXIS at *23 (citing *Poffenberger v. Risser*, 290 Md. 631, 637 (1981)).  "Express knowledge is direct, whether written or oral, from sources 'cognizant of the fact[s].'"  *Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 89 (2006) (quoting *Poffenberger*, 290 Md. at 636-37) (citation omitted).  Implied notice occurs "when a plaintiff gains knowledge sufficient to prompt a reasonable person to inquire further." *Pennwalt*, 314 Md. at 447.  "Constructive notice or knowledge will not suffice for inquiry notice."  *Id.* at 89.

> Application of the discovery rule involves a two-prong test.  The first prong, "sufficiency of the actual knowledge to put the claimant on inquiry notice," concerns the nature and extent of actual knowledge necessary to cause an ordinarily diligent plaintiff to make an inquiry or investigation that an injury has been sustained. The second prong, "the sufficiency of the knowledge that would have resulted from a reasonable investigation," requires that after a reasonable investigation of facts, a reasonably diligent inquiry

would have disclosed whether there is a causal connection between the injury and the wrongdoing.

*Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 89-90 (2006) (citations omitted).

### 3.    Maryland Declaration of Rights, Article 24 – Count IV

A claim under Article 24 of the Maryland Declaration of Rights "is also governed by the three-year statute of limitations established in C.J. § 5-101" *Hersl*, 2021 U.S. Dist. LEXIS at *31.

Plaintiff alleges:

> As discussed and described above, Defendant Officers deprived Plaintiff Simon of the rights, privileges and immunities guaranteed under Article 24 of the Maryland Declaration of Rights, in violation of due process, including by planting and fabricating evidence, false police reports, and false statements of probable cause, leading to Plaintiff Simon's wrongful imprisonment for crimes he did not commit, and which Defendant Officers knew or should have known he did not commit.

(ECF No. 11 ¶ 72.)  Plaintiff's state constitutional claims are time barred for the same reasons the federal constitutional claims in Counts I and II are barred.

### 4.    Malicious Prosecution – Count V

The elements for the tort of malicious prosecution are: "1) the defendant instituted a criminal proceeding against the plaintiff; 2) the criminal proceeding was resolved in the plaintiff's favor; 3) the defendant did not have probable cause to institute the proceeding; and 4) the defendant acted with malice or a primary purpose other than bringing the plaintiff to justice." *Okwa v. Harper,* 360 Md. 161, 183 (2000) (citing *DiPino v. Davis*, 354 Md. 18, 54 (1999)).

Plaintiff alleges:

> Defendants instituted criminal proceedings against Plaintiff Demetric Simon, without probable cause and with specific and actual malice towards Plaintiff.
>
> As a direct and proximate result of the tortious actions and constitutional violations of the Defendants, taken with malicious intent and willful indifference, Plaintiff Demetric Simon had and continues

18

> to have injuries, including but not limited to loss of liberty, physical injury, lost wages, lost time with loved ones, legal costs and fees, mental anguish, emotional pain and suffering, humiliation, anxiety, worry, injury to health, loss of time, and damage to reputation, and other compensatory damages.

(ECF No. 11 ¶¶ 75-76.)

Plaintiff's malicious prosecution claims accrued on the same date as the claims set forth in Counts I and II.  Plaintiff was released from incarceration in February 2015.  His release date is the latest possible date on which he had actual notice and knowledge that a criminal proceeding had been instituted against him without probable cause (*i.e.* the harm that put him on notice to investigate further as to the existence of a claim).  Accordingly, this claim is untimely.

### 5.   Civil Conspiracy – Count VI

The elements for a civil conspiracy claim are: "1) A confederation of two or more persons by agreement or understanding; 2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and 3) actual legal damage resulting to the plaintiff." *Lloyd v. GMC*, 397 Md. 108, 154 (2007) (citation and internal quotation marks omitted).

Plaintiff alleges:

> Defendant Officers of the Baltimore City Police Department, along with Defendants individually, had entered into an agreement to wrongfully arrest, search, detain, and otherwise harass Plaintiff Simon. This occurred during and after Simon was the victim of the intentional, reckless, and/or negligent injury committed by Defendant Jenkins, which would potentially adversely affect Jenkins' job and adversely contribute investigative and legal scrutiny that could dismantle the house of cards of the GTTF.

> Additional criminal and tortious acts in furtherance of this conspiracy, include the various false arrests, planting of evidence, and false imprisonments of Plaintiff Demetric Simon, as well as violations of Constitutional Rights.

(ECF No. 11 at 37-38.)[15]  Plaintiff's civil conspiracy claim is barred and will be dismissed for the same reasons discussed *infra* with respect to the RICO claims.  *See* Section III(C)(7), *infra*.

### 6.   <u>Malicious Use of Process – Count VII</u>

"Five elements must coalesce to permit recovery in an action for malicious use of process. They are: (1) That a prior civil proceeding was instituted by the defendant; (2) That the proceeding was instituted without probable cause; (3) That the proceeding was instituted with malice; (4) That the proceeding terminated in favor of the defendant therein (the plaintiff in the resulting tort action for malicious use of process); and (5) That special damages were sustained of a type not normally sustained in the prosecution of like causes of action." *Herring v. Citizens Bank & Trust Co.,* 21 Md. App. 517, 538-39 (1974).

Plaintiff alleges:

> Defendants instituted criminal and further proceedings against Plaintiff Simon, without probable cause.
>
> These proceedings were instituted against Plaintiff with malice.
> As a direct and proximate result of the tortious actions and constitutional violations of the Defendants, taken with malicious intent and willful indifference, Plaintiff Demetric Simon had and continues to have injuries, . . .

(ECF No. 11 ¶¶ 78-80.)  Plaintiff does not allege any Defendant instituted a civil proceeding against him, and therefore, he has not alleged the first element of the claim.  Even had Plaintiff alleged that one or more of the Defendants instituted a civil action against him in relation to his 2014 arrest, any proceeding (malicious or otherwise) instituted between his March 2014 arrest and February 2015 release would have put Plaintiff on sufficient notice that the proceeding was

---

[15] It is normally the court's practice to cite to the paragraph number of a complaint. Count V of Plaintiff's Complaint ends with ¶ 76; Count VI then begins at ¶ 73, and the numbers continue in sequence. In an effort to minimize confusion, the court cites to the page number rather than the paragraphs of these allegations.

improper, because he did not possess the BB gun on which any such proceeding would have been based.  Accordingly, the claim fails for inadequate pleading and is time barred.

### 7.    RICO Claims – Count IX

"The statute of limitations on private civil RICO claims is four years, beginning on the date the plaintiff 'discovered, or should have discovered, the injury.'"  *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015) (quoting *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001)).

With respect to the indictment of seven GTTF officers on February 23, 2017, Judge Hollander noted:

> On February 23, 2017, a federal grand jury indicted seven members of the GTTF: Momodu Gondo, Hersl, Rayam, Jenkins, Hendrix, Ward, and Taylor. *See United States v. Momodu Gondo, et al.*, CCB-17-106, ECF 1 (Indictment); see ECF 137 (Superseding Indictment). They were charged with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count One) and various violations of RICO (Count Two). *See United States v. Momodu Gondo, et al.*, CCB-17-106, ECF 1 (Indictment). The Superseding Indictment, ECF 137, charged Jenkins, Taylor, and Hersl. And, it added charges against Jenkins and Taylor for Hobbs Act Robbery and possession of a firearm in furtherance of a crime of violence against Jenkins and Taylor. *See Id.* Counts Three, Four, Five, and Six. All but Hersl and Taylor pleaded guilty. See CCB-17-106, ECF 156, 157, 195, 215, 257. They proceeded to a jury trial at which Judge Catherine Blake presided, and were convicted of racketeering conspiracy, among other crimes. ECF 17, ¶ 82. They were sentenced to eighteen years' imprisonment. *Id*.

*Hersl*, 2021 LEXIS 118098, at *5.  The court finds Judge Hollander's analysis persuasive. Arguably, Plaintiff was on inquiry notice of his RICO claims at the time of his February 2015 release from custody, because at that time he had sufficient knowledge of the harm suffered that would "cause a reasonable person to investigate further." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 168 (2004) (citations omitted).  Nonetheless, by February 2017, when members of the GTTF were indicted and the subsequent media coverage published details related thereto

21

immediately thereafter, Plaintiff was unquestionably on inquiry notice of his RICO claims. Plaintiff did not file his Complaint until March 2022. Therefore, his RICO claims are time barred.

Because the court finds that all of Plaintiff's claims are barred by the applicable statute of limitations, the court will not reach the Defendants' remaining arguments. The Complaint will be dismissed with prejudice as time barred.

### 8.    Counts III and VIII

Count III of the Complaint asserts a cause of action under 42 U.S.C. § 1988. "Section 1988 in itself does not create any cause of action, but it instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts." *Moor v. County of Alameda*, 411 U.S. 693, 703-06 (1973); *Scott v. Vandiver*, 476 F.2d 238, 242 (4th Cir. 1973).

Count VIII of the Complaint asserts a cause of action for *Respondeat Superior* against BPD for the wrongful acts of the individual Defendants. "Maryland courts have repeatedly held that *respondeat superior* is a theory of liability, not a standalone cause of action." *Grant v. Atlas Rest. Grp., LLC*, 2021 U.S. Dist. LEXIS 126350 *13 (D. Md. Jul 7, 2021); *see also Crockett v. SRA Int'l,* 943 F.Supp.2d 565, 576 (D. Md. 2013) (likening constructive discharge to *respondeat superior*, because neither is a standalone claim). Regardless, because the predicate claims for Count VIII will be dismissed as time barred, there is no basis to impose *respondeat superior* liability.

For these reasons, Counts III and VIII will be dismissed.

**IV.**    <u>**CONCLUSION**</u>

       For the reasons set forth herein, by separate order, the Motions will be granted and the Complaint will be dismissed with prejudice.

                                        /S/

                                _____

                                Julie R. Rubin
                                United States District Judge

March 18, 2023